IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL DEAN LAMARR,

    Plaintiff,

  v.

STATE OF OREGON, acting by and through, Oregon Board of Parole & Post-Prison Supervision; DIANE REA, individually and in her professional capacity as Chairman, Oregon Board of Parole & Post-Prison Supervision; MICHAEL WASHINGTON, individually and in his professional capacity as Board Member, Oregon Board of Parole & Post-Prison Supervision; CINDY HANNERS, individually and in her professional capacity as Board Member, Oregon Board of Parole & Post-Prison Supervision; DIANNE MIDDLE, individually and in her professional capacity as former Chairman, Oregon Board of Parole & Post-Prison Supervision; and MICHAEL WEATHERBY, individually and in his professional capacity as former Board Member, Oregon Board of Parole and Post-Prison Supervision,

    Defendants.

Civil No. 03-6213-AS

ORDER

RANDALL DEAN LAMARR
SID #4621656
Oregon State Correctional Institution
3405 Deer Park Drive S.E.
Salem, OR 97310

    Plaintiff *Pro Se*

1    - ORDER

HARDY MYERS
Attorney General
LEONARD W. WILLIAMSON
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Defendants

REDDEN, Judge:

Magistrate Judge Ashmanskas filed his findings and recommendation on March 18, 2005, recommending that defendants' motion for summary judgment be granted and judgment entered dismissing this case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. When a party objects to any portion of a magistrate judge's findings and recommendation regarding the disposition of any motion excepted in subsection (b)(1)(A), the district court must make a de novo determination of the specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff has timely filed objections. I have, therefore, given the file of this case a de novo review. I agree with Judge Ashmanskas' conclusion that defendants' motion for summary judgment should be granted.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se* alleging defendants violated his due process rights by depriving him of the lawful, fair, and unbiased application of Oregon's Morrissey laws regarding the minimum requirements of due process in his parole revocation hearing held on July 23, 2000. I agree with the Magistrate Judge that plaintiff received all process due him at the hearing – he received advance notice, was afforded the opportunity to be heard, the Parole Board's decision to revoke was supported by some evidence having indicia of reliability, and the Parole Board provided

plaintiff a written explanation of the reason for revoking his parole.  Accordingly, plaintiff's due process claims related to the July 23, 2000, hearing are without merit.

I also agree with the Magistrate Judge that plaintiff, a prisoner in state custody, cannot use a § 1983 civil rights action to challenge the "fact or duration of his confinement," but rather must seek federal habeas corpus relief instead.  Wilkinson v. Dotson, --- S.Ct. ---, 2005 WL 516415 *3 (U.S., March 7, 2005).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)–-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at *5 (emphasis in original).  As discussed above, plaintiff seeks a judgment declaring his due process rights were violated at the July 23, 2000, Morrissey hearing.  I agree with the Magistrate Judge that to the extent such a declaration might imply plaintiff's parole was wrongfully revoked and the legality of his confinement thereby invalidated, plaintiff may not obtain that relief in a § 1983 action.

I also agree with the Magistrate Judge that to the extent plaintiff seeks money damages against defendants for their alleged violation of his constitutional rights, defendants are entitled to absolute immunity.  The law is clear that parole board officials are absolutely immune from suits for damages by prisoners for actions taken when processing parole applications.  Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); see also Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).  This immunity extends to the imposition of parole conditions and to the decision have a parolee arrested and held pending investigation of parole violations.  See Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir. 1983).

Defendant's objections to the findings and recommendations indicate he was released from confinement by the parole board on February 15, 2004.  His release renders the issues in this case moot because the issues presented are no longer "live" and the parties lack a legally cognizable interest in the outcome."  McQuillion v. Schwarzenegger,

3        - ORDER

369 F.3d 1091, 1095 (9th Cir. 2004) (internal quotations omitted).

Finally, plaintiff requests permission to amend his complaint "on those claims made available to him pursuant to the parole board's decision on February 15, 2004 to grant early release." That permission is denied. As is apparent from the above discussion, such an amendment in this case would be futile.

Therefore, I ADOPT the Magistrate Judge's findings and recommendation (doc. 44) that defendants' motion for summary judgment (doc. 29) should be granted and judgment entered dismissing this case with prejudice.

IT IS SO ORDERED.

Dated this   17th   day of May, 2005.

        /S/ James A. Redden
        James A. Redden
        United States District Judge